# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIMINAL NO. 22-00047-KD-3 |
| | * | |
| TIMOTHY HOWARD BUCHANAN | * | |
| aka TJ | * | |

## UNITED STATES' TRIAL BRIEF

The United States, by and through Sean P. Costello, the United States Attorney for the Southern District of Alabama, respectfully files this trial brief in the above-captioned case. The trial of defendant Timothy Howard Buchanan ("Buchanan") is set to commence on August 29, 2022. To minimize delay during trial, the United States has briefed several legal issues that may arise during trial.

## FACTS[1]

The United States has summarized the facts underlying this bank-fraud conspiracy and identity theft case in prior filings with the Court, to which the United States respectfully directs the Court's attention. *See, e.g.*, Docs. 1 (affidavit to criminal complaint); 113 (cautionary rule 404(b) notice). Accordingly, the United States will not belabor those facts in this trial brief, but rather, will discuss relevant facts as appropriate in the discussion section below.

---

[1] The proffered facts are allegations only and do not set forth every fact that the United States anticipates presenting at trial.

# DISCUSSION

A. **General Legal Analysis**

1. **Count One – Conspiracy to Commit Bank Fraud (18 U.S.C. § 1349)**

To establish a conspiracy under 18 U.S.C. § 1349, the United States must prove the following elements beyond a reasonable doubt:

1) two or more persons, in some way or manner, agreed to try to accomplish a common and unlawful plan to commit bank fraud, as charged in the indictment; and

2) the Defendant knew the unlawful purpose of the plan and willfully joined in it.

Pattern Crim. Jury Instr. 11th Cir. OI O54 (Mar. 2022).

A defendant's involvement in a conspiracy may be proven by direct evidence and also by circumstantial evidence. *United States* v. *Ramsdale*, 61 F.3d 825, 829 (11th Cir. 1995) ("Participation in a criminal conspiracy need not be proved by direct evidence; rather, a common purpose and plan may be inferred from a 'development and collocation of circumstances.'"); *United States* v. *Toler*, 144 F.3d 1423, 1426 (11th Cir. 1998) (noting that the United States "need not demonstrate the existence of a 'formal agreement'"). In proving a conspiracy under Section 1349, the United States is not required to prove an overt act. *United States* v. *Feldman*, 931 F.3d 1245, 1258 (11th Cir. 2019) (citing *United States* v. *Gonzalez*, 834 F.3d 1206, 1220 (11th Cir. 2016)).

2. **Conspiracy – General Principles**

"[E]very conspiracy is by its very nature secret; a case can hardly be supposed where men concert together for crime and advertise their purpose to the world." *United States* v. *Magluta*, 418 F.3d 1166, 1179 (11th Cir. 2005) (alteration in original) (quoting *Grunewald* v. *United States*, 353 U.S. 391, 402 (1957)). In other words, due to the nature of a criminal conspiracy, "there is

rarely any direct evidence of any agreement to join a conspiracy, and thus, the defendant's assent can be inferred from acts that furthered the conspiracy's purpose." *United States* v. *Brenson*, 104 F.3d 1267, 1282 (11th Cir. 1997) (citing *United States* v. *Miller*, 693 F.2d 1051, 1053 (11th Cir. 1982)); *United States* v. *Hernandez*, 921 F.2d 1569, 1575 (11th Cir. 1991) (noting "secrecy is an essential element of conspiracy"). "The existence of a conspiratorial agreement may be established through either direct or circumstantial evidence, such as inferences from the conduct of the alleged participants." *Brenson*, 104 F.3d at 1282 (quoting *United States* v. *Farris*, 77 F.3d 391, 394 (11th Cir. 1996)); *United States* v. *Guerra*, 293 F.3d 1279, 1285 (11th Cir. 2002) (describing "concert of action" as sufficient to prove a conspiracy); *United States* v. *Hansen*, 262 F.3d 1217, 1246 (11th Cir. 2001) (noting that a conspiracy "may be inferred from the conduct of the participants or from other circumstances" beyond the acts of the coconspirators).

Coconspirators are vicariously liable for the criminal acts of each other that are committed "during the course and in furtherance of the conspiracy, notwithstanding the party's non-participation in the offenses or lack of knowledge thereof." *Hansen*, 262 F.3d at 1246 (citing, *e.g.*, *Pinkerton* v. *United States*, 328 U.S. 640, 646–47 (1946)); *United States* v. *Silvestri*, 409 F.3d 1311, 1335–36 (11th Cir. 2005) ("Under well established Eleventh Circuit precedent conspirators are liable for *all of the acts and foreseeable consequences* of the conspiracy." (emphasis in original)). Similarly, the United States need not "prove that each conspirator participated in all aspects of a conspiracy, knew each phase or every detail of the conspiracy, or knew all of the participants." *Hansen*, 262 F.3d at 1247. Rather, the United States only must show that the conspirator knew of the "general purpose of the agreement." *United States* v. *Suba*, 132 F.3d 662, 672 (11th Cir. 1998); *see also United States* v. *Deronceler*, 729 F. App'x 683, 689 (11th Cir. 2018) (unpublished) ("Whether one conspiracy or several, each co-conspirator had the same goal,

3

cashing fraudulent checks."). As noted above, the United States also does not need to show a "formal agreement" to prove a conspiracy. *United States* v. *Gold*, 743 F.2d 800, 824 (11th Cir. 1984); *United States* v. *Clark*, 139 F.3d 485, 489 (5th Cir. 1998) ("[A] tacit understanding is sufficient.").

The United States meets its burden to prove criminal liability if it shows that the conspirator "participate[d] in some affirmative conduct designed to aid the success of the venture with knowledge that h[is] actions would further the venture." *Hansen*, 262 F.3d at 1247 (second alteration in original). Similarly, a defendant may be convicted even if he joined after the conspiracy began and played only a minor role in it. *Id.* Additionally, the United States does not have to show "direct contact" between the coconspirators. *Guerra*, 293 F.3d at 1286. "It is well settled that an accused conspirator's participation in a criminal conspiracy is presumed to continue until all the objects of the conspiracy have been accomplished or until the last overt act is committed by any of the conspirators." *United States* v. *Flinestone*, 816 F.2d 583, 589 (11th Cir. 1987).

### 3. Count Two – Possession with Intent to Use or Transfer Five or More Identification Documents (18 U.S.C. § 1028(a)(3))

To establish a violation of 18 U.S.C. § 1028(a)(3), the United States must prove the following elements beyond a reasonable doubt:

1) the defendant possessed at least five false identification documents;

2) the defendant knew the documents were false, knowingly possessed them, and intended to use or transfer them unlawfully; and

3) the defendant's possession of the documents was in or affecting interstate or foreign commerce.

Pattern Crim. Jury Instr. 11th Cir. OI O40.1 (Mar. 2022).

In proving this crime, the United States must prove "only a minimal nexus with interstate commerce . . . to satisfy the 'in or affects interstate or foreign commerce' requirement." *United States* v. *Klopf*, 423 F.3d 1228, 1239 (11th Cir. 2005). "The defendant need have had only the intent to accomplish acts, which, if successful, would have affected interstate or foreign commerce." *Id.* (finding that defendant used "driver's licenses in a manner that would have affected interstate commerce"). The United States, however, is not required to prove that the defendant knew of the interstate commerce nexus when he committed crime. *Id.*

    **4.**    **Count Three – Possession of Counterfeited or Forged Securities (18 U.S.C. § 513(a))**

To establish a violation of 18 U.S.C. § 513(a), the United States must prove the following elements beyond a reasonable doubt:

1)     the Defendant made, passed or attempted to pass, or possessed a counterfeit or forged security;

2)     the counterfeit or forged security was of an organization; and

3)     the Defendant possessed the counterfeit or forged security with intent to deceive another person, organization, or government.

Pattern Crim. Jury Instr. 11th Cir. OI O18.3 (Mar. 2022).

Under 18 U.S.C. § 513, the term "counterfeited" is defined as "a document that purports to be genuine but is not, because it has been falsely made or manufactured in its entirety." 18 U.S.C. § 513(c)(1). While it may be helpful to establish that the counterfeited or forged security holds a requisite similarity to the genuine document, the United States is not required to make a showing of similitude in order to sustain a conviction. *United States* v. *Prosperi*, 201 F.3d 1335, 1344 (11th Cir. 2000).

5

### 5. Counts Four and Five – Aggravated Identity Theft (18 U.S.C. § 1028A(a)(1))

To establish a violation of 18 U.S.C. § 1028A(a)(1), the United States must prove the following elements beyond a reasonable doubt:

1) the defendant knowingly transferred, possessed, or used another person's means of identification;

2) without lawful authority; and

3) during and in relation to commit an enumerated felony alleged in the indictment.

Pattern Jury Instr. 11th Cir. OI O40.3 (Mar. 2022).

In proving this crime, the United States must prove that the defendant "knew that the means of identification at issue belonged to another person." *Flores-Figueroa* v. *United States*, 556 U.S. 646, 657 (2009). As recently noted by the Eleventh Circuit, "because a stolen check includes 'the person's name, the person's account number, the routing numbers—that is a means of identification.' And since the stolen checks [are] a means of identification, it follow[s] that using them to make fake checks constitute[s] 'using a means of identification to create another means of identification.'" *United States* v. *Moore*, 852 F. App'x 457, 459 (11th Cir. 2021) (unpublished). Specifically, the United States must show that the defendant used the means of identification of a "real person." *See United States* v. *Gomez-Castro*, 605 F.3d 1245, 1248 (11th Cir. 2010); *see also United States* v. *Philidor*, 717 F.3d 883, 886 (11th Cir. 2013) ("A 'means of identification' is limited to 'an actual (i.e., not fictitious) individual.'"). The United States may rely on circumstantial evidence about the defendant's misuse of a victim's identity to show that the defendant knew that the means of identification belonged to a real person. *Gomez-Castro*, 605 F.3d at 1249. The United States must also show "(1) that the defendant did not have permission to use the victim's identity or (2) that the defendant used the victim's means of identification for an

unlawful purpose." *United States* v. *Tovar-Montoya*, 652 F. App'x 882, 884 (11th Cir. 2016) (unpublished) (citing *United States* v. *Zitron*, 810 F.3d 1253, 1260 (11th Cir. 2016)).

### 6. Count Six – Possession of Stolen Mail (18 U.S.C. § 1708)

To establish a violation of 18 U.S.C. § 1708, the United States must prove the following elements beyond a reasonable doubt:

1) the mail matter described in the indictment was stolen from a letter box or a mail receptacle;

2) the Defendant possessed the mail matter after it was stolen; and

3) the Defendant knew that the mail matter was stolen.

Pattern Crim. Jury Inst. 11th Cir. O66.2 (Mar. 2022).

In proving this crime, "use of the mails may be established, like most other facts, by circumstantial evidence, even if the jury might draw other reasonable inferences from the circumstantial evidence." *United States* v. *Okhiku*, 142 F. App'x 439, 441 (11th Cir. Aug. 2005) (unpublished) (citing *United States* v. *Henry*, 920 F.2d 875, 877 (11th Cir. 1991)). Accordingly, a "jury is entitled to infer that, absent a satisfactory explanation, a person who possesses [mail] which has been recently stolen has knowledge of the stolen character." *United States* v. *Sanders*, 639 F.2d 268, 270 (5th Cir. 1981);[2] *United States* v. *Duckett*, 583 F.2d 1309, 1315 (5th Cir. 1978) (citing *Barnes* v. *United States*, 412 U.S. 837 (1973)) ("The first inference, permitting the jury to infer guilty knowledge from unexplained possession of recently stolen property, clearly comports with due process."); *see also United States* v. *Schultz*, 462 F.2d 622, 623 (9th Cir. 1972) (stating defendant's "possession of recently stolen checks supported an inference of knowledge of the theft, unless his possession is satisfactorily explained to be inconsistent with such knowledge").

---

[2] Decisions of the Fifth Circuit issued prior to October 1, 1981, are binding on the Eleventh Circuit. *See Bonner* v. *City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

## 7. Deliberate Ignorance Instruction

Deliberate ignorance is the equivalent of knowledge. *United States* v. *Alvarez-Coria*, 447 F.3d 1340, 1344 (11th Cir. 2006). The United States will request that the Court provide the Eleventh Circuit's pattern jury instruction on deliberate ignorance as proof of Buchanan's knowledge. *See* Pattern Crim. Jury Instr. 11th Cir. SI S8 (Aug. 2021).[3] The instruction is appropriate in this case because the facts will "support the inference that the defendant was aware of a high probability of the existence of the fact in question and purposely contrived to avoid learning all of the facts in order to have a defense in the event of a subsequent prosecution." *United States* v. *Sneed*, 548 F.3d 961, 977 (11th Cir. 2008). "Where 'the evidence could support both actual knowledge or deliberate ignorance,' the district court may instruct the jury on both methods of establishing the defendant's knowledge." *United States* v. *Pineda*, 843 F. App'x 174, 180 (11th Cir. 2021) (unpublished) (quoting *United States* v. *Maitre*, 898 F.3d 1151, 1157 (11th Cir. 2018)).

In *United States* v. *Jeanty*, the Eleventh Circuit found that the district court's deliberate ignorance jury instruction was appropriate where "[n]umerous pieces of evidence support[ed] the inference that [the defendant] was aware of a high probability that his conduct was illegal and that he purposefully avoided learning all of the facts." 851 F. App'x 158, 162 (11th Cir. 2021) (unpublished). The facts in this case are analogous to the facts the Eleventh Circuit cited in *Jeanty*. In particular, the defendant in *Jeanty* received many checks that were addressed to other people, and the defendant brought those checks to his coconspirator and either deposited them into

---

[3] On August 4, 2022, the United States submitted its proposed jury instructions and verdict form. Doc. 117. The United States omitted Special Instruction S8, but as discussed herein, the instruction would be appropriate at trial. Accordingly, the United States requests that the Court provide the instruction.

multiple bank accounts that he had opened or gave them to another conspirator to deposit. *Id*.; *see also Maitre*, 898 F.3d at 1157 (concluding there was sufficient evidence of deliberate ignorance in identity theft case where the defendant accepted fifteen to twenty purses from her boyfriend as gifts—some containing "other people's wallets and IDs"—even though she "knew he didn't have a job").

The United States expects that similar facts will be elicited at Buchanan's trial in this case, including but not limited to the following: (a) Buchanan's coconspirators asked him if he would like to go out of town, and Buchanan did not ask where they were going; (b) on one of the check-cashing trips he took with his coconspirators, Buchanan claimed he "wasn't really paying attention" and was "asleep the whole time"; (c) Buchanan admittedly received checks and identification cards from his coconspirators, which he confessed he would take into banks to try and cash; (d) Buchanan put superglue on his fingertips to avoid leaving prints on the checks when he attempted to cash them; (e) if the checks cashed, Buchanan would give the money to his coconspirators and receive a portion of the proceeds; and (f) on at least one occasion, Buchanan "got scared" and walked out of a certain bank. The evidence will support the conclusion that Buchanan was aware of the fraudulent nature of the checks and purposefully avoided learning all the facts concerning what was going on in the charged conspiracy. Accordingly, the Court should provide a deliberate ignorance instruction.

### B. Evidentiary Issues

#### 1. Party-Opponent Admissions (Rule 801(d)(2)(A))

The United States intends to offer into evidence numerous statements that Buchanan made at various times during and after the alleged conspiracy—including statements in his post-arrest and post-*Miranda* interviews and in messages and other data extracted from his cell phone—as non-hearsay party-opponent admissions under Federal Rule of Evidence 801(d)(2)(A). The

9

Eleventh Circuit and other courts have upheld the admission of such evidence under this rule. *See, e.g.*, *United States* v. *Williams*, 760 F. App'x 959, 965 (11th Cir. 2019) (unpublished) (admitting defendant's text messages as party-opponent admissions where evidence showed defendant "possessed and used the cellphone"); *United States* v. *Moore*, 611 F. App'x 572, 577 (11th Cir. 2015) (unpublished) (upholding admission of defendant's text messages as prior party admissions under Rule 801(d)(2)(A)); *United States* v. *Ramirez-Martinez*, 6 F.4th 849, 966 (8th Cir. 2021) (upholding admission of "messages sent and received" by defendant under Rule 801(d)(2)(A) where evidence "sufficiently identified [defendant] as the user of" a phone number); *United States* v. *Turner*, 934 F.3d 794, 798 (8th Cir. 2019) (holding that defendant's text messages contained "statements by an opposing party, which means they are not hearsay," and that photographs were "images, not statements, so they too are not hearsay"); *United States* v. *Allison*, 908 F.2d 1531, 1534 (11th Cir. 1990) (upholding statements made by co-conspirator to witness who testified about those statements at trial admissible under Rule 801(d)(2)(A)); *United States* v. *Stafford*, 143 F. App'x. 531, 533 (4th Cir. 2005) (unpublished) (holding that defendant's statements to testifying co-conspirator "were his own statements" and thus admissible under Rule 802(d)(2)(A)); *United States* v. *Dadamuratov*, 340 F. App'x 540, 547 (11th Cir. 2009) (unpublished) (upholding admissibility of transcript reflecting defendant's interview with investigating officer because defendant's statements in the transcript were admissions by a party-opponent).

### 2. Coconspirator Statements (Rule 801(d)(2)(E))

The United States intends to offer evidence—including evidence extracted from electronic devices of certain of Buchanan's coconspirators and statements made by Buchanan to one or more coconspirators who will testify at trial—as non-hearsay coconspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E). Admission of a coconspirator statement does not violate the Confrontation Clause because the statement is nontestimonial by its very nature. *United States*

v. *Underwood*, 446 F.3d 1340, 1346–47 (11th Cir. 2006); *United States* v. *Inadi*, 475 U.S. 387, 394–96 (1986) (determining that admission of coconspirator statements furthers the Confrontation Clause's purpose to advance the truth-determining process in criminal trials).

In *Magluta*, the Eleventh Circuit set forth the standard for determining the admissibility of coconspirator statements as follows:

> For evidence to be admissible under Rule 801(d)(2)(E), the government must prove by a preponderance of the evidence these things: (1) a conspiracy existed; (2) the conspiracy included the declarant and the defendant against whom the statement is offered; and (3) the statement was made during the course and in furtherance of the conspiracy. In determining the admissibility of co-conspirator statements, the trial court may consider both the co-conspirator's statements and independent external evidence.

418 F.3d at 1177–78. The Eleventh Circuit employs a "liberal standard" in determining whether a statement is made in furtherance of a conspiracy. *United States* v. *Beale*, 921 F.2d 1412, 1422 (11th Cir. 1991) (citing Fed. R. Evid. 801(d)(2)(E)). Moreover, "[t]he statement need not be necessary to the conspiracy, but must only further the interests of the conspiracy in some way." *Beale*, 921 F.2d at 1422.

The United States will also offer evidence of certain statements made by Buchanan's codefendants during the traffic stop and before the defendants' arrest. For example, the deputies on-scene spoke with Buchanan's coconspirators in conversations that were captured on body-camera video. Those statements are not hearsay for the reasons noted above and are not excludable under *Bruton* v. *United States*, 391 U.S. 123 (1968), because (a) they are not "testimonial" statements, *see United States* v. *Rodriguez*, 591 F. App'x 897, 900–01 (11th Cir. 2015) (unpublished); and (b) they are not "clearly inculpatory [of Buchanan] standing alone," *United States* v. *Joyner*, 899 F.3d 1199, 1207 (11th Cir. 2018).

### 3. Transcripts

The United States intends to offer transcripts of certain recordings, which are admissible in evidence as a supplement to a recorded conversation to aid the jury in understanding the recordings and identifying the speakers. *United States* v. *Costa*, 691 F.2d 1358, 1362–63 (11th Cir. 1982). To the extent that Buchanan contests the accuracy of the transcripts, he "may put on evidence supporting the accuracy of [his] version or challenging the accuracy of [the United States'] version." *United States* v. *Tercier*, 835 F. App'x 471, 482 (11th Cir. 2020) (unpublished) (quoting *United States* v. *Wilson*, 578 F.2d 67, 69–70 (5th Cir. 1978)).

The Court does not have to "find that the transcript is perfectly accurate prior to its admission, and a defendant's remedy for alleged inaccuracies is to offer his own transcript with proof as to why it is the better one." *United States* v. *Hogan*, 986 F.2d 1364, 1376 (11th Cir. 1993). The United States will request that the Court provide the jury with Eleventh Circuit Pattern Jury Instruction TI T3 (Mar. 2022) prior to the admission of any transcript.

### 4. Playing Portions of Recordings & Introducing Portions of Documents & Phone Data (Rule of Completeness)

The United States may choose to publish portions of recordings, messages, or other evidence in certain instances without playing an entire recording or presenting an entire chain of messages. This is a permissible practice, and in order for the defense to require the entire recording or set of messages be published, the defense must establish a basis to show that the additional portions are relevant and necessary to explain, qualify, or provide context for the published portions. *United States* v. *Simms*, 385 F.3d 1347, 1359 (11th Cir. 2004) (construing the rule of completeness set forth in Fed. R. Evid. 106); *United States* v. *Myers*, 972 F.2d 1566, 1575–76 (11th Cir. 1992); *see also United States* v. *Ramirez*, 658 F. App'x 949, 953 (11th Cir. 2016)

(unpublished) (rejecting rule-of-completeness objection to admission of portions of defendant's text messages).

### 5. Authenticity Generally (Rule 901)

The requirement of authenticity under Federal Rule of Evidence 901(a) is "generally 'satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.'" *United States* v. *Hawkins*, 905 F.2d 1489, 1493 (11th Cir. 1990) ("There need be only some competent evidence in the record to support authentication, which can consist of merely circumstantial evidence."). Stated differently, the Eleventh Circuit has determined:

> Authentication or identification under Rule 901 merely involves the process of presenting sufficient evidence to make out a *prima facie* case that the proffered evidence is what it purports to be. Once that *prima facie* showing has been made, the evidence should be admitted, although it remains for the trier of fact to appraise whether the proffered evidence is in fact what it purports to be.

*United States* v. *Caldwell*, 776 F.2d 989, 1001–02 (11th Cir. 1985) (finding district court committed error in not receiving documents where *prima facie* foundation had been laid). While the defense may speculate that someone tampered with a document, that is not a basis to remove the document, which is a threshold issue, from the jury's consideration. *United States* v. *Tann*, 425 F. Supp. 2d 26, 36 (D.D.C. 2006); *United States* v. *Daughtry*, 502 F.2d 1019, 1022 n.3 (5th Cir. 1974) ("[T]he mere fact that it is conceivable that tampering has occurred is not sufficient to require the exclusion of the evidence.").

Documents may also be authenticated by circumstantial evidence. *United States* v. *Caldwell*, 776 F.2d 989, 1002 (11th Cir. 1985). Accordingly, the United States does not need to prove the "specific identity of the author" of an offered document for the document to be admissible. *United States* v. *Smith*, 918 F.2d 1501, 1510 (11th Cir. 1990) (finding drug ledger admissible based on other circumstances even though its author was not identified); *United States* v. *Koziy*, 728 F.2d 1314, 1321 (11th Cir. 1984) (admission of documents was proper where one

13

expert witness testified that the documents were similar to other genuine documents of that type which he had seen and another expert testified that the documents were not executed after a certain date). Showing that a party controlled, kept, or had access to certain documents can establish those items' authenticity. *See Ramirez*, 6 F.4th at 866 (finding sufficient authentication of text messages where evidence proved defendant was "user" of given phone number); *Ramirez*, 658 F. App'x at 952 (finding sufficient authentication of text messages where, among other things, phone was subscribed to defendant); *United States* v. *Carr*, 607 F. App'x 869, 876 (11th Cir. 2015) (unpublished) (describing burden to authenticate text messages as "not an onerous one"); *United States* v. *Munoz*, 16 F.3d 1116, 1121 (11th Cir. 1994) ("[Defendant's] keeping of these documents is a strong indication of their authenticity."); *see also United States* v. *American Radiator & Stand. San. Corp.*, 433 F.2d 174, 192 (3d Cir. 1970) (evidence of location where notes were found and lay identification of handwriting constituted sufficient evidence of the notes' author to authenticate them for admission).

As for audio recordings introduced at trial, "the government must establish that it is an 'accurate reproduction of relevant sounds previously audited by a witness.'" *United States* v. *Singleton*, 455 F. App'x. 914, 916 (11th Cir. 2012) (citing *United States* v. *Biggins*, 551 F.2d 64, 66 (5th Cir. 1977)). Furthermore, the speaker's voice may be identified by opinion testimony "based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." *Id*. at 917 (citing Fed. R. Evid. 901(b)(5)); *United States* v. *Albert*, 595 F.2d 283, 290 (5th Cir. 1979) (rejecting authenticity challenge to admissibility of audio tape); *United States* v. *Duncan*, 166 F. App'x. 464, 467 (11th Cir. 2006) (admitting tape recordings of defendant where agent was able to identify defendant's voice based on interviews during the investigation); *United States* v. *Riley*, 2010 WL 1999468, at *3 (M.D. Fla. May 18, 2010) (admitting jail calls

where agent personally spoke with defendant and could make proper voice identification on jail calls); *see also Brown* v. *City of Hialeah*, 30 F.3d 1433, 1437 (11th Cir. 1994) ("Once a witness establishes familiarity with an identified voice, it is up to the jury to determine the weight to place on the witness's voice identification.").

## CONCLUSION

The United States expects that one or more of the legal and evidentiary issues outlined in this trial brief may manifest at trial. Accordingly, this trial brief is filed to preempt the need for briefing delays.

Respectfully submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By:

*/s/ Justin D. Roller*
Justin D. Roller
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama  36602
Telephone: (251) 441-5845
justin.roller@usdoj.gov

*/s/ Lydia T. Lucius*
Lydia T. Lucius
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, Alabama  36602
Telephone: (251) 441-5845
lydia.lucius@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 24, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to counsel of record for the defendant.

                                                       */s/ Justin D. Roller*
                                                       Justin D. Roller
                                                       Assistant United States Attorney

                                                       */s/ Lydia T. Lucius*
                                                       Lydia T. Lucius
                                                       Assistant United States Attorney