THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff | ) ) ) |
| vs. | ) CRIMINAL ACTION 1:22-00047-KD-MU ) ) |
| TIMOTHY HOWARD BUCHANAN | ) ) |
| Defendant. | ) |

## Order

This matter is before the Court on Defendant Buchanan's Motion for Judgment of Acquittal, or in the alternative, a New Trial pursuant to Fed. R. Crim. P. 29 and 33 (Doc. 141) and the Government's Response (Doc. 148).

Buchanan challenges his convictions in Counts Two, Three, Five, and Six. As to the Motion for Judgment of Acquittal, he argues that the United States failed to present sufficient evidence for each of these counts and that the jury could not have found him guilty under any reasonable construction of the evidence. As to the motion for new trial, Buchanan argues that the Government's proof failed as a matter of law to prove the elements necessary to convict him as to Counts Two, Three, Five, and Six, and that it would be a miscarriage of justice to let the jury's verdict stand.

In reviewing a motion for judgment of acquittal, the Court must "determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt." United States v.

Grigsby, 111 F.3d 806, 833 (11th Cir. 1997) (citing and quoting United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir.1987)).

A motion for new trial should be granted when "the verdict is against the clear weight of the evidence or will result in a miscarriage of justice, even though there may be substantial evidence which would prevent the direction of a verdict." Lipphardt v. Durango Steakhouse of Brandon, Inc., 267 F.3d 1183, 1186 (11th Cir. 2001) (citing and quoting Hewitt v. B.F. Goodrich Co., 732 F.2d 1554, 1556 (11th Cir.1984). "Because it is critical that a judge does not merely substitute [their] judgment for that of the jury, new trials should not be granted on evidentiary grounds unless, at a minimum, the verdict is against the great—not merely the greater—weight of the evidence." Id. (internal quotations omitted).

Upon consideration, the Court adopts the Government's reasoning in its Response (Doc. 148). Accordingly, Buchanan's Motion for Judgment of Acquittal (Doc. 141) is **DENIED** and his alternative Motion for a New Trial (Doc. 141) is **DENIED**.

**DONE** and **ORDERED** this the 17th day of **November 2022**.

>  /s/ Kristi K. DuBose
> **KRISTI K. DuBOSE**
> **UNITED STATES DISTRICT JUDGE**